**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENJAMIN MARTINEZ, | No. 2:21-CV-1872-DMC-P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| L. MUNDY, et al., | |
| Defendants. | |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2   with at least some degree of particularity overt acts by specific defendants which support the

3   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4   impossible for the Court to conduct the screening required by law when the allegations are vague

5   and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff brings claims against the following defendants: (1) L. Mundy, a correctional officer at High Desert State Prison (HDSP); (2) B. Moss, a correctional officer at HDSP; (3) J. Pickett, chief deputy warden at HDSP; and (4) B. Kibler, warden at HDSP.  See ECF No. 1, at 1.

Plaintiff asserts violations of his Eighth and Fourteenth Amendment rights.  See id. at 3.  Plaintiff claims that, on February 21, 2021, Defendant Moss mistakenly spit chewing tobacco into a garbage can filled with inmates' lunches.  See id.  Plaintiff alleges that Moss reported his error to Defendant Mundy, but that Defendant Mundy still passed out the "contaminated lunches."  See id.  Plaintiff contends Defendant Pickett improperly denied his first-level staff complaint against Mundy.  See id. at 4.

The Court notes that Plaintiff's allegations in this case are similar to those made by Plaintiff's cellmate, S. Wynn, in Wynn v. Moss, et al., E. Dist. Cal. case no. 2:21-CV-1317-KJM-DMC-P.  Both the Wynn case and this case arise from the same incident on February 21, 2021, at HDSP.  Plaintiff here, however, unlike Mr. Wynn, contends that Moss erroneously spit in the garbage can containing inmate lunches and, thus, that his conduct was not intended to contaminate the lunches.  Mr. Wynn, by contrast, does not state that Defendant Moss acted in error.

/ / /

/ / /

/ / /

/ / /

## II. DISCUSSION

The Court finds that Plaintiff has stated a cognizable Eighth Amendment claim against Defendant Mundy, who is alleged to have provided Plaintiff with a lunch Mundy knew to be contaminated.  Plaintiff has not, however, alleged sufficient facts to state claims against Defendants Moss, Pickett, or Kibler.

### A.     **Defendant Moss**

Plaintiff alleges that Defendant Moss spit in a garbage can containing inmate lunches, thereby violating his Eighth Amendment rights.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met:  (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer, 511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element.

1   See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not liable,
2   however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer, 511
3   U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison officials
4   know for a certainty that the inmate's safety is in danger, but it requires proof of more than a
5   mere suspicion of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Finally, the
6   plaintiff must show that prison officials disregarded a risk.  Thus, where prison officials actually
7   knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk,
8   even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.
9              Here, Plaintiff specifically alleges that Defendant Moss acted in error.  Further,
10  Plaintiff does not allege that Defendant Moss, having erroneously spit in the garbage can
11  containing inmate lunches, himself then handed out the contaminated lunches.  Rather, Plaintiff
12  states that Moss reported his error to Mundy and that Mundy nonetheless passed out the lunches.
13  Given that Plaintiff states Moss acted in error and that Moss did not himself pass out the lunches,
14  Plaintiff has not alleged sufficient facts to indicate that Moss acted with deliberate indifference to
15  inmate health and safety.  To the contrary, the allegations in the complaint suggest that Moss did
16  precisely the opposite by reporting the incident to Mundy.

17          **B.**     **Defendant Pickett**

18              Plaintiff contends Defendant Pickett improperly denied his first-level staff
19  complaint.
20              Prisoners have no stand-alone due process rights related to the administrative
21  grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v.
22  Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling
23  inmates to a specific grievance process).  Because there is no right to any particular grievance
24  process, it is impossible for due process to have been violated by ignoring or failing to properly
25  process grievances.  Numerous district courts in this circuit have reached the same conclusion.
26  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly
27  process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863
28  (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address

grievances does not support constitutional claim); <u>James v. U.S. Marshal's Service</u>, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); <u>Murray v. Marshall</u>, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).

Plaintiff will be afforded leave to amend Plaintiff's claim against Defendant Picket should there be any basis for stating a cognizable claim against that defendant.

### C. **Defendant Kibler**

Plaintiff's complaint is devoid of any factual assertions as to Defendant Kibler, the prison warden.

Supervisory personnel, like the prison warden, are generally not liable under § 1983 for the actions of their employees. <u>See</u> <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. <u>See</u> <u>id.</u> The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. <u>See</u> <u>Redman v. Cnty of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Plaintiff will be provided an opportunity to amend to allege facts relating to Defendant Kibler, consistent with the foregoing.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  December 3, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6