IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>L. MUNDY, et al.,<br><br>    Defendants. | No. 2:21-CV-1872-DAD-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint. ECF No. 15.

    The Court previously issued an order addressing the sufficiency of Plaintiff's original complaint. See ECF No. 10. The Court summarized Plaintiff's allegations as follows:

> Plaintiff brings claims against the following defendants: (1) L. Mundy, a correctional officer at High Desert State Prison (HDSP); (2) B. Moss, a correctional officer at HDSP; (3) J. Pickett, chief deputy warden at HDSP; and (4) B. Kibler, warden at HDSP. See ECF No. 1, at 1.
>
> Plaintiff asserts violations of his Eighth and Fourteenth Amendment rights. See id. at 3. Plaintiff claims that, on February 21, 2021, Defendant Moss mistakenly spit chewing tobacco into a garbage can filled with inmates' lunches. See id. Plaintiff alleges that Moss reported his error to Defendant Mundy, but that Defendant Mundy still passed out the "contaminated lunches." See id. Plaintiff contends Defendant Pickett improperly denied his first-level staff complaint against Mundy. See id. at 4.

///

1

    The Court notes that Plaintiff's allegations in this case are similar to those made by Plaintiff's cellmate, S. Wynn, in <u>Wynn v. Moss</u>, et al., E. Dist. Cal. case no. 2:21-CV-1317-KJM-DMC-P. Both the Wynn case and this case arise from the same incident on February 21, 2021, at HDSP. Plaintiff here, however, unlike Mr. Wynn, contends that Moss erroneously spit in the garbage can containing inmate lunches and, thus, that his conduct was not intended to contaminate the lunches. Mr. Wynn, by contrast, does not state that Defendant Moss acted in error.

ECF No. 10, pg. 2.

  The Court determined Plaintiff states a cognizable Eighth Amendment claim against Defendant Mundy based on Defendant's alleged disregard for Plaintiff's health by serving contaminated food to Plaintiff.  <u>See</u> <u>id.</u> at 3.  The Court also determined that Plaintiff's allegations against Defendants Moss, Pickett, and Kibler failed to state a claim. <u>See</u> <u>id.</u> As to Defendant Moss, the Court stated:

>   Plaintiff alleges that Defendant Moss spit in a garbage can containing inmate lunches, thereby violating his Eighth Amendment rights.
>   The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.
>   Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844. The knowledge element does not

require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

Here, Plaintiff specifically alleges that Defendant Moss acted in error. Further, Plaintiff does not allege that Defendant Moss, having erroneously spit in the garbage can containing inmate lunches, himself then handed out the contaminated lunches. Rather, Plaintiff states that Moss reported his error to Mundy and that Mundy nonetheless passed out the lunches. Given that Plaintiff states Moss acted in error and that Moss did not himself pass out the lunches, Plaintiff has not alleged sufficient facts to indicate that Moss acted with deliberate indifference to inmate health and safety. To the contrary, the allegations in the complaint suggest that Moss did precisely the opposite by reporting the incident to Mundy.

ECF No. 10, pg. 3-4.

As to Defendant Pickett, the Court stated:

> Plaintiff contends Defendant Pickett improperly denied his first-level staff complaint.
> Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).
> Plaintiff will be afforded leave to amend Plaintiff's claim against Defendant Picket should there be any basis for stating a cognizable claim against that defendant.

ECF No. 10, pg. 4-5.

///

///

///

3

As to Defendant Kibler, the Court stated:

> Plaintiff's complaint is devoid of any factual assertions as to Defendant Kibler, the prison warden.
> Supervisory personnel, like the prison warden, are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).
> When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.
> Plaintiff will be provided an opportunity to amend to allege facts relating to Defendant Kibler, consistent with the foregoing.

ECF No. 10, pg. 5-6.

Plaintiff was provided an opportunity to amend and cautioned that, if he chose not to do so within the time provided, the action would proceed on the original complaint on Plaintiff's Eighth Amendment claims against Defendant Mundy only. See id. at 6. Plaintiff timely submitted a first amended complaint. See ECF No.  However, Plaintiff's first amended complaint is nearly identical to Plaintiff's original complaint. Compare ECF No. 1 and ECF No. 15. The only notable difference is Plaintiff's amended complaint omits allegations against Defendant Kibler, who is no longer a defendant to this action by way of not being named in the operative first amended complaint. The Court now recommends dismissal of Plaintiff's claim against Defendants Pickett and Moss for the reasons stated in the Court's prior screening order. By separate order issued herewith, the Court will direct service of Plaintiff's first amended complaint on Defendant Mundy.

Based on the foregoing, the undersigned recommends that Defendants Pickett and Moss be dismissed for failure to state a claim and that this action proceed on Plaintiff's first amended complaint against Defendant Mundy only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 11, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE