IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN MARTINEZ, | No. 2:21-CV-1872-DAD-DMC-P |
| Plaintiff, | ORDER |
| v. | and |
| L. MUNDY, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  Pending before the Court is Defendant's motion to dismiss, ECF No. 31.  Plaintiff has filed an opposition, ECF Nos. 33 and 34.  Defendants has filed a reply, ECF No. 35.  Plaintiff has filed an unauthorized sur-reply, ECF No. 36, and request for ruling, ECF No. 37.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

1  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.
2  See Haines v. Kerner, 404 U.S. 519, 520 (1972).
3         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement
4  of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair
5  notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,
6  550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order
7  to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain
8  more than "a formulaic recitation of the elements of a cause of action;" it must contain factual
9  allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The
10 complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at
11 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
12 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
13 Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but
14 it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting
15 Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a
16 defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement
17 to relief." Id. (quoting Twombly, 550 U.S. at 557).
18        In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials
19 outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);
20 Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)
21 documents whose contents are alleged in or attached to the complaint and whose authenticity no
22 party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,
23 and upon which the complaint necessarily relies, but which are not attached to the complaint, see
24 Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials
25 of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.
26 1994).
27 / / /
28 / / /

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I.  BACKGROUND

This action currently proceeds on Plaintiff's first amended complaint.  See ECF No. 15.  On December 6, 2021, the Court issued an order addressing the sufficiency of Plaintiff's original complaint.  See ECF No. 10.  The Court summarized Plaintiff's allegations as follows:

> Plaintiff brings claims against the following defendants: (1) L. Mundy, a correctional officer at High Desert State Prison (HDSP); (2) B. Moss, a correctional officer at HDSP; (3) J. Pickett, chief deputy warden at HDSP; and (4) B. Kibler, warden at HDSP. See ECF No. 1, at 1.
> Plaintiff asserts violations of his Eighth and Fourteenth Amendment rights. See id. at 3. Plaintiff claims that, on February 21, 2021, Defendant Moss mistakenly spit chewing tobacco into a garbage can filled with inmates' lunches. See id. Plaintiff alleges that Moss reported his error to Defendant Mundy, but that Defendant Mundy still passed out the "contaminated lunches." See id. Plaintiff contends Defendant Pickett improperly denied his first-level staff complaint against Mundy. See id. at 4.
> The Court notes that Plaintiff's allegations in this case are similar to those made by Plaintiff's cellmate, S. Wynn, in Wynn v. Moss, et al., E. Dist. Cal. case no. 2:21-CV-1317-KJM-DMC-P. Both the Wynn case and this case arise from the same incident on February 21, 2021, at HDSP. Plaintiff here, however, unlike Mr. Wynn, contends that Moss erroneously spit in the garbage can containing inmate lunches and, thus, that his conduct was not intended to contaminate the lunches. Mr. Wynn, by contrast, does not state that Defendant Moss acted in error.

ECF No. 10, pg. 2.

The Court determined Plaintiff states a cognizable Eighth Amendment claim against Defendant Mundy based on Defendant's alleged disregard for Plaintiff's health by serving contaminated food to Plaintiff.  See id. at 3.  The Court also determined that Plaintiff's allegations against Defendants Moss, Pickett, and Kibler failed to state a claim.  See id.  Plaintiff was provided an opportunity to amend and told that, if he chose not to do so within 30 days of the date of the Court's order, the action would proceed on the original complaint on Plaintiff's Eighth Amendment claims against Defendant Mundy only.  See id. at 6.  Plaintiff timely submitted a first amended complaint.  See ECF No. 15.  The allegations in the amended and original complaints

1  are nearly identical.  Compare ECF Nos. 1 and 15.  The only notable difference is Plaintiff's
2  amended complaint omitted allegations against Defendant Kibler.  See ECF No. 15.
3           On April 10, 2023, the Court issued findings and recommendations that Plaintiff's
4  claims against Defendants Kibler, Moss, and Pickett be dismissed for failure to state a claim.  See
5  ECF No. 21.  On the same day, the Court directed service of process on Defendant Mundy.  See
6  ECF No. 22.  Defendant Mundy waived service of process and filed the pending motion to dismiss
7  on July 7, 2023.  The April 10, 2023, findings and recommendations were adopted in full by the
8  District Judge on July 26, 2023.  See ECF No. 31.

## II. DISCUSSION

In Defendant's motion to dismiss, Defendant argues that Plaintiff's complaint of a single instance of contaminated food does not state a cognizable claim under the Eighth Amendment.  See ECF No. 31-1.  The Court agrees.  As outlined above, Plaintiff alleges that he was served contaminated food on a single occasion – February 21, 2021.  See ECF Nos. 1, 15.  This is insufficient to state a claim.  See LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993); Islam v. Jackson, 782 F. Supp. 1111, 1114-15 (E.D. Va. 1992) (serving one meal contaminated with maggots and meals under unsanitary conditions for thirteen days was not cruel and unusual punishment, even though inmate suffered symptoms of food poisoning on one occasion); Willard v. Cal. Dep't of Corr. & Rehab., No. 19cv1074-AWI-SAB (PC), 2019 U.S. Dist. LEXIS 188512, at *22 (E.D. Cal. Oct. 29, 2019) (isolated and sporadic claims of contaminated food insufficient to state a claim under the Eighth Amendment); Johnson v. Dickinson, No. CV 14-3390-VBF (SP), 2017 U.S. Dist. LEXIS 236182, at *27 (C.D. Cal. Mar. 30, 2017) (single, isolated occurrence, in which plaintiff neither ate the food nor suffered injury from it insufficient to state Eighth Amendment claim); Bennett v. Misner, No. Civ. 02-1662-HA, 2004 U.S. Dist. LEXIS 19568, at *63 (D. Or. Sept. 17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation").

/ / /

In his opposition, Plaintiff asserts: "The plaintiff also provided several other instances of dangerous misconduct that displays a pattern of callous disregard for his duties and responsibilities and provided the argument that this complaint isn't just about one isolated event." ECF No. 34, pg. 2. Plaintiff does not, in either his opposition brief, sur-reply brief, original complaint, or first amended complaint, outline any such "other instances" such that the Court would be persuaded that the possibility exists that further amendments to the complaint would prove fruitful.

### III. CONCLUSION

Based on the foregoing, the undersigned here orders and recommends as follows:

1. It is ORDERED that Plaintiff's request for ruling, ECF No. 37, is GRNTED insofar as the Court here renders a recommendation on the pending motion to dismiss.

2. It is ORDERED that the Clerk of the Court terminate ECF No. 37 as a pending motion.

3. It is RECOMMENDED that Defendant's motion to dismiss, ECF No. 31, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 7, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE