UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN MARTINEZ, | No. 2:21-cv-01872-DAD-DMC (PC) |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFNEDANT'S MOTION TO DISMISS |
| L. MUNDY, et al., | |
| Defendants. | (Doc. Nos. 31, 38) |

Plaintiff Benjamin Martinez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 7, 2023, the assigned magistrate judge issued findings and recommendations recommending that defendant's motion to dismiss plaintiff's first amended complaint (Doc. No. 31) be granted and that this action be dismissed without leave to amend because granting plaintiff further leave to amend his complaint would be futile. (Doc. No. 38.) In particular, the magistrate judge explained that plaintiff alleges only a single instance of being served contaminated food on February 21, 2021, which is an insufficient basis upon which to state a deliberate indifference claim under the Eighth Amendment. (*Id.* at 4–5) (citing cases). The magistrate judge concluded that the granting of leave to amend would be futile because

1

1  plaintiff did not proffer allegations of any other such instances that he would allege in a further
2  amended complaint. (*Id.*)

3  The findings and recommendations were served on the parties and contained notice that
4  any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 5.) On
5  November 30, 2023, plaintiff filed objections to the findings and recommendations. (Doc. No.
6  39.) Defendant filed a response to plaintiff's objections on December 6, 2023, but did not file
7  objections of his own. (Doc. No. 40.)

8  In his objections, plaintiff asserts that the single instance of being served with food that
9  was contaminated by a prison guard inadvertently spitting chewing tobacco in the trash can that
10 contained the inmates' lunches is sufficiently serious because this alleged incident occurred
11 during a global pandemic. (Doc. No. 39 at 1–3.) Plaintiff argues that this single instance "caused
12 risk to human life under a global pandemic." (*Id.* at 1.) In response, defendant argues that "the
13 COVID-19 pandemic is not relevant to assessing the seriousness of the alleged deprivation
14 because the incident occurred on only one occasion," and "[t]his one incident simply does not rise
15 to the level of inhumane conditions contemplated by the Eighth Amendment." (Doc. No. 40 at 2,
16 3.) The court agrees with defendant. Regardless of the global pandemic, plaintiff alleges only a
17 single, isolated occurrence of being served contaminated food, and as the magistrate judge
18 correctly explained in the pending findings and recommendations, that single alleged incident is
19 insufficient to state a cognizable Eighth Amendment deliberate indifference claim. Accordingly,
20 plaintiff's objections do not provide a basis upon which to reject the pending findings and
21 recommendations.

22 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
23 *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's
24 objections and defendant's response thereto, the court concludes that the findings and
25 recommendations are supported by the record and by proper analysis.

26 Accordingly,

27 1. The findings and recommendations issued on November 7, 2023 (Doc. No. 38) are
28    adopted in full;

2

2. Defendant's motion to dismiss (Doc. No. 31) is granted;

3. This action is dismissed; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 26, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE